Case 13-6347 Girl Scouts of Middle TN Inc v. Girl Scouts of USA Oral argument 15 minutes per side Mr. Davis for the appellant Morning if the court please I'd like to reserve 5 minutes for rebuttal Alright I'm Ames Davis of the Nashville Bar and I'm here on behalf of the appellant Girl Scouts of Middle TN Inc Girl Scouts of Middle TN Inc is a contributing employer to a retirement plan governed by ERISA of which the defendant below, the appellee, Girl Scouts of the United States of America is the sponsor and administrator The claim below is really just breach of contract Girl Scouts of Middle Tennessee says that Girl Scouts of the United States of America the plan sponsor and administrator without authorization and in breach of contract amended the plan to provide new benefits and added new beneficiaries The court dismissed the action below holding that, in fact we come here saying that the issue is whether or not to apply federal common law to this contract dispute but the real issue as a practical matter is, is any law to be applied to this dispute The federal district court, if we think correctly, held that state law is preempted We think that under the decisions of this court that requires the application of federal law The problem is that the only federal law available is federal common law because ERISA itself, the ERISA statute does not address the claims involved here Now the Supreme Court has said that amendment of an ERISA plan does not implicate any of the fiduciary duties that are listed in ERISA The only requirement of ERISA that really even addresses amendments other than saying you can't have them retrospective to deprive employees of vested benefits Every ERISA plan must have a method of amendment and it must designate the party who has authority to make the amendment and the plan does that and there is no question that the administrator and sponsor does have authority to amend the plan The question is can it do so without violating its contract when it doesn't follow the instructions of its principal in this case my client, Girl Scouts of Middle Tennessee, Inc. You're saying the only way you're going to get relief is under a federal common law That's correct What's your best case from the 6th Circuit on the federal common law ought to be used in a case like this Well our best We don't have one We don't have one I believe that that is actually the district court's principal reason and perhaps it's Girl Scouts of the United States of America's principal argument that it shouldn't be applied in this case It's never been done But if the court please, this court held in Whitworth and it seems to me that I can do no better than to state what Whitworth said Other courts have recognized that the preemption of state law by ERISA which is what we have here and the congressional directive to develop a federal common law of employee benefit plans require application of federal law to actions premised on the contractual obligations created by ERISA plans We join these courts in recognizing that contract claims like Whitworth are governed by federal law Now there is a good reason for judicial reluctance to use federal common law because the court can be I think rightly accused of judicial legislation if it dreams up rights that don't otherwise exist under ERISA and applies them to parties We are not saying that federal common law is the source of our right We are saying the contract is the source of our right And this court has many times applied federal common law to interpret contracts that relate to ERISA when state law is preempted and that's all we are asking the court to do The reason this is such an unusual fact, such an unusual case is that it is an unusual fact situation What we have here is an unusual plan It's a multiple employer plan, not a multi-employer plan We have an administrator and a sponsor who is not a contributing employer Ordinarily you would expect the sponsor to do exactly what the employer wanted it to do And indeed if this was a multi-employer case is there any question that we would be looking at the collective bargaining agreement between the employers and the employees and interpreting that to determine exactly what should be done in this kind of dispute But the fact remains if the court does not apply federal common law here what law is it to apply? And if it is not going to apply any law to this then surely we have this proverbial situation of a right, a contract right without a remedy Now I'm familiar with a lot of ERISA cases that say the fact that you have no remedy in this situation is just not a problem The plan participants or the beneficiaries could bring suit under ERISA They could So the employees of your client who are the beneficiaries could seek relief under ERISA for the claim violation? That's a question I don't think they could bring a claim because there is no violation of ERISA's fiduciary rules in connection with amendment to a plan The Supreme Court has said They have no recourse No they can't complain and frankly I believe it is just as Thomas pointed out in the defined benefit plan It's the employer that bears the risk If there is a failure of this plan and a distress termination the employers are the ones who are going to have to come up with the money The sponsor and plan administrator has no stake in this None at all So while we think the facts certainly demonstrate a breach of fiduciary duty The breach of fiduciary duty we are talking about is not a breach of ERISA fiduciary duty The breach of fiduciary duty we are talking about is the breach of fiduciary duty by an agent It in the voluntary participation agreement which is the contract between the parties It promised to act pursuant to our instructions at all times It designated us as it's principal and said it's agent So again if federal common law is not to be applied then we are the employer which is funding this plan It is eventually going to have to pay whatever happens if this plan fails and it looks like it's going to fail What is going to happen then? And we have no remedy We have no forum That cannot be the law It may be unusual It may be that the court will be subject to criticism in some fashion or shape or form because in fact this court has been criticized in some scholarly articles in connection with the very case on which we rely, the Whitworth case because it went outside ERISA to find a right and that had to do with mistaken contributions and ERISA actually addresses mistaken contributions and it doesn't say you can get your money back if you make a mistaken contribution It does say that the assets of a plan cannot be taken and an employer cannot benefit from that But the fact of the matter is there is nothing in ERISA that addresses whether a plan sponsor and administrator can, well it can, it has the authority to amend the plan Nothing in ERISA addresses the consequences if the plan sponsor and administrator breaches its agreement and amends the contract to increase the employer's liability I see my time is up, thank you very much Thank you Good morning, your honors Mary Helen Wimberly for the Girl Scouts of the USA May it please the court Mr. Davis says this is just a breach of contract case Well the court need look no further than the complaint here to see the type of case it is At paragraph 26 the Middle Tennessee Council seeks declaratory relief to depart from the terms of the plan on its preferred terms At paragraph 28 of the complaint it seeks an accounting of the financial condition of the plan In other words, the National Girl Scouts management of the plan and its core fiduciary function At paragraph 30 it seeks injunctive relief against the Girl Scouts enforcement of the plan Mr. Davis is quite right that this court has never recognized a federal common law remedy for this type of departure from the express terms of a plan and there are two reasons for that First, in doing so the court would be amending ERISA which the Supreme Court in Merton said was impermissible and second, in recognizing such a remedy it would be using federal common law to depart from the express terms of an ERISA plan which the Supreme Court in McCutcheon and this court in Isbell says is an impermissible use of federal common law Is it your position that there is no remedy at all here on behalf of the plaintiff? Two responses to that, Judge Siler First of all, no The council could have withdrawn The National Girl Scouts offered the council an opportunity to withdraw by purchasing annuities That would have given the council the relief they seek here They just didn't want that particular type of relief Second, we offered below to arbitrate with the council under the terms of the plan and again the council decided it didn't want that type of relief either Third, if the council believed there was a violation of ERISA it could file a complaint with the Secretary of Labor and the Secretary of Labor, of course, has standing to sue for violations of ERISA But again, and this is to refer back to Mr. Davis' reference to this case law of this court that says The nature of ERISA preemption and the restricted application of federal common law doctrines is not altered by the fact that some plaintiffs may be left without a remedy Congress elected uniformity and stability over individual fairness in a particular case But again here, there have been ample alternatives to the council The council just decided it didn't want any of them So returning to my first point What the council is doing is asking this court to amend ERISA And this comes down to what type of silence we're talking about here under ERISA And there are really three different types of ERISA silences The first is an intentional silence It's an exclusion It's an intent to occupy the field where courts can't come in and legislate through common law The second, and this is a terminology point that I think gets confused a bit in the briefing is where there is a remedy available to a particular party But ERISA is not clear as the rule of decision or there are certain terms that need interpreting through the federal common law And that's what many of the cases mean when they say that a court needs to apply federal common law It is within the existing ERISA remedial scheme What is far rarer and what the council seeks here is for this court to create a common law remedy where none exists under ERISA And that the lower courts have only really done that in a couple of circumstances The first is really on the outer bounds of preemption where, for example, the Davies case being a perfect example of this where this court said, well, ERISA doesn't say anything about falsification of an application to be a part of the health benefit plan And so we'll apply a common law remedy there And then later, actually, the court came back and determined that the state law claim under which the count had originally been brought was in fact not preempted So it's on that outer boundary where ERISA just barely preempts the claim, if you will The second is the awkward gap option which I would submit to you as Whitworth where something in the statute suggests that Congress did not intend to foreclose a particular remedy And yet there's an awkwardness because Congress did not provide a mechanism for that remedy And that's as far as Whitworth goes And I'd like to remind the court that Whitworth was in fact a purely jurisdictional ruling The court below had concluded there was no subject matter jurisdiction over the case And this court said whether there is a federal common law remedy is a question of federal law Therefore, there's federal question subject matter jurisdiction What it did not say is the court is required to apply a federal common law remedy Again, a terminology distinction, which is important Applying federal common law does not mean making up a new federal common law remedy And again, the fact that there are no remedies available to a particular party does not change the analysis Now this third type of silence I was talking about the creation of a federal common law remedy in fact has not yet been recognized by the Supreme Court Has it been recognized by any circuit court in the country? Yes, there have been a few other circuit courts I believe the 4th and the 10th who've recognized in the narrow Whitworth for recovery of mistaken contributions context based on, I believe it's 403C2 that in that narrow circumstance there's a common law remedy The 11th Circuit has said declined to recognize either an implied or a common law remedy in that narrow context And the 9th Circuit has said there's no common law remedy there's just an implied cause of action under ERISA So those are the very narrow circumstances Most other courts recognize and I think what's the prime example of this is the language in the Russell case where the court said the six carefully integrated civil enforcement provisions found in the statute provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly And that's the council's argument here essentially that Congress forgot to include employers in 502 and this court should correct that through the common law Well that violates Russell among other cases So again, what's the silence here? And I submit that the local 60682 case from this court proves definitively that it's the type of silence that's exclusionary that shows that Congress did not intend for this court to provide a remedy for this type of case There the union sought to recover based on misrepresentations about plan benefits The union of course was not an entity withstanding to sue directly under ERISA Therefore the court said that falls within the general purview of ERISA because it concerns a plan administrator's actions as a plan administrator and participants and beneficiaries of the parties that Congress elected and fiduciaries that Congress elected to govern that type of dispute not the union Therefore there is no awkward gap We submit the exact same holding should be reached here That gives effect to this court's finding in Great Lakes Steel that ERISA expressly denies employers as employers standing That would be rendered meaningless if all an employer has to do is say actually no we're bringing a federal common law claim In addition, in the Mahoning National Bank case this court held common law cannot provide an independent source of rights with regard to employee benefit plans Now what council is trying to do here is say oh the voluntary participation agreement provides this independent source of rights and expands the fiduciary role of the National Girl Scouts beyond its ERISA role Well in Mews this court rejected an analogous theory that somehow you can expand the fiduciary role of a plan administrator through the common law It said ERISA has occupied the field with respect to what is and is not a fiduciary function and to whom that fiduciary obligation is owed and a court cannot through common law seek to expand that which is what the council is trying to do So here in the words of this case in Smith The remedy Congress has provided for the misconduct of a fiduciary is a suit by a beneficiary or a participant another fiduciary or the Secretary of Labor not an employer here Second, even if in certain circumstances the council could pursue a common law remedy it cannot pursue the remedy it seeks here which is permission to breach the express terms of a plan and to enjoin the National Girl Scouts enforcement of the plan and that is McCutcheon and Isbell Common law remedies cannot be used to depart from the express and ambiguous terms of a plan and the council has nothing to say about that Third and finally the Tennessee statutory claim which the council doesn't even mention in its opening argument probably because there's not a single well pleaded factual allegation in support of its claim that the council acted ultra-viris and the district court was quite right to so conclude So in conclusion, your owners this court should affirm the district court on the Tennessee statutory claim because there's not a single factual allegation to support it and on the three common law claims because under Russell this court is not at liberty to depart from the comprehensive remedial scheme Congress created in ERISA Second, the type of silence here is an exclusionary silence indicating Congress' intent to foreclose this type of remedy under Local 60682 and third, this court cannot through federal common law depart from the express terms of the ERISA plan here under McCutcheon and Isbell This court therefore should affirm the district court Thank you Well if the court please with all due respect Council confuses rights with remedies We are not asking the court for any remedies under ERISA They point out very correctly that we have no remedy under ERISA There is no breach of fiduciary duty under ERISA for amending the plan That's between the employer and the sponsor The Supreme Court has said employers and sponsors are generally free to amend the plan and such amendment does not implicate any breach of fiduciary duty Now, Council points to a number of remedies that we ask for in the complaint as indicating that we cannot maintain this action Again, they confuse the contractual right with the remedy Frankly, we aren't sure what remedy is appropriate in this case It is so unusual We have asked specifically in our complaint that the court craft remedies that are consistent with ERISA If the court please If federal common law does not apply to this claim and if state law doesn't apply to this claim and if ERISA doesn't apply to this claim which is really their position then the plaintiff can do what it wants with impunity That cannot be the law It is not the law None of the cases that indicate to a claimant that so sad, too bad you have no remedies are claims by an employer in this situation They are all claims by people either having express rights under ERISA or parties claiming they have express rights under ERISA They are not parties that have no rights under ERISA and this court among other things in Whitworth made very clear that the employer cannot maintain an action under ERISA They say that you have a right to arbitrate this and you turned it down and also you can go through the administrative procedures of the Department of Labor about that Judge Sommer in point of fact what they did was they amended the plan without talking to anybody to provide for arbitration There is nothing in the plan when we signed the contract that provided for arbitration We have not agreed to arbitrate They are basically saying you have a remedy it is the remedy we want to give you but that doesn't help us We need somebody to look at what has happened which is breach of contract and adding beneficiaries and benefits which we are going to have to pay for It can't be the law that the employer is subject to the whim of the sponsor as to how much it is going to pay to retirees It just cannot be the law Now the fact that there is no factually similar case law out there does certainly indicate the unusual nature of this case But there cannot be a right without a remedy here ERISA would if in fact employers could not have some notion of what their exposure is going to be before they enter into an ERISA plan they would never do it Now as for our ultra-virus claim we didn't think that when we entered into this agreement we were subjecting our corporation to unlimited liability We didn't think we were going to do that But if the court says we have no remedy and that's effectively what it said then surely that is ultra-virus We acted outside the scope of the authority that we can have We are a not-for-profit corporation under Tennessee law and you can't do that You can't just say well here GSUSA take our money and do whatever you want with it So if the court please we respectfully request that the decision of the district court be reversed in this case remanded for further proceedings consistent with ERISA that will give us a remedy for their breach of contract Thank you very much Thank you and the case is submitted